## STONE v. DANIELS et al.

No. 9856—Opinion Filed Dec. 14, 1920.

(Syllabus by the Court.)

**1. Escrows—Delivery of Deed Before Conditions Performed—Effect.**

Where a deed is delivered merely as an escrow, to be delivered upon the performance of certain conditions, it is, until such performance, a mere scroll; and if the grantee obtains possession of the deed before the performance of the conditions, he acquires no title thereby.

**2. Same—Action to Quiet Title—Sufficiency of Evidence.**

Record examined, and held, that the judgment rendered by the trial court is sufficiently sustained by the evidence.

Error from District Court, Ellis County; T. P. Clay, Judge.

Action by Charles E. Daniels and another against J. A. Stone and others to quiet title. Judgment for plaintiffs, and defendant named brings error. Affirmed.

Scothorn & McRill, for plaintiff in error.

C. B. Leedy, for defendants in error.

KANE, J. This was an action to quiet title to certain tracts of land situated in Ellis county, commenced by Charles E. Daniels and Lottie F. Daniels, two of the defendants in error herein, against J. A. Stone, Roy Landers, J. E. Armstrong, Bert Harris, and T. E. Legoe. Landers, Armstrong, Harris, and Legoe not appearing, judgment was rendered by default against them, whereupon the cause proceeded to trial between Charles E. Daniels and Lottie F. Daniels, as plaintiffs, and J. A. Stone, as defendant. After hearing all the evidence the court rendered judgment in favor of the plaintiffs, to reverse which J. A. Stone appealed to this court, joining Landers, Armstrong, Harris, and Legoe as defendants in error.

As counsel for plaintiff in error concede in their brief "that the only question in this case is whether or not the judgment of the trial court is warranted by the evidence," an extended review of this becomes unnecessary.

In our view of the case there is no material conflict in the evidence, which may be summarized briefly as follows:

Some time during the month of June, 1916, Charles E. Daniels and Roy Landers entered into a contract whereby the former was to exchange certain lands belonging to them situated in Ellis county, Oklahoma, for certain lands belonging to Landers situated in the state of Iowa. About this time Landers and Stone were also engaged in a land deal whereby Landers was to convey to Stone the Oklahoma lands involved in the contract with Daniels as soon as he acquired title thereto. For convenience, Stone and Daniels agreed that Daniels would execute the deed to the Oklahoma lands direct to Stone and that this deed, together with the contract between Daniels and Landers hereinbefore

mentioned, be placed in escrow with Mr. Legoe until the terms of the contract were fully complied with. Pursuant to this arrangement, the deed and contract were placed in escrow, where they remained until after the time of performance by Mr. Landers had expired, whereupon, Mr. Landers not having performed the provisions of the contract according to its terms, Mr. Daniels notified all the parties of the failure of Mr. Landers to perform and of his intention to cancel the contract and withdraw the deed from escrow. Mr. Daniels also requested Mr. Legoe to return to him the papers placed in escrow, which the latter refused to do. Subsequently the deed, contrary to the instructions of Mr. Daniels, was delivered to Mr. Stone, who placed the same of record, whereupon this action was commenced.

As we understand the contention of counsel for plaintiff in error, they concede that the evidence clearly shows that Mr. Landers did not comply with the terms of the contract on his part, but they say that the evidence was not sufficient to support the judgment rendered because it did not show performance or a willingness to perform on the part of Mr. Daniels. In support of this contention, they quote from 9 Cyc. 723, as follows:

"In an action on a contract containing mutual and dependent or concurrent promises or covenants, the plaintiff must allege his readiness and willingness to perform his part of the agreement at the time and place stipulated."

"Neither party to a contract can maintain an action for damages for its violation, without showing a readiness and ability to comply with his own engagements under the contract, etc."

We do not deem these authorities to be in point. This is neither an action on a contract containing mutual and dependent promises nor an action for damages for the violation of such a contract, but is, as we have seen, an action to quiet title upon the ground that the grantee in the deed obtained possession thereof without the performance of the condition upon which a delivery to the grantee was to be made.

The court upon sufficient evidence found "that the grantee, J. A. Stone, obtained possession of the deed before the performance of the conditions of the escrow and that therefore Stone obtained no title thereto."

The rule is well established that where a deed is delivered merely as an escrow, to be delivered upon the performance of certain conditions, it is, until such performance, a mere scroll; and if the grantee obtains

possession of the deed before the performance of the conditions, he acquires no title thereby. Powers et ux. v. I. J. Rude et al., 14 Okla. 381, 79 Pac. 89.

In another case it was held that where possession of an escrow is obtained, without performance of the conditions upon which delivery to the grantee was to be made, no title passes. Hunter Realty Co. et al. v. Spencer et al., 21 Okla. 155, 95 Pac. 757.

As these cases seem to sustain the action of the trial court, the judgment appealed from is affirmed.

All the Justices concur.